United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN GUILLORY,<br><br>Defendant. | Case No. 12-cr-00056-JSW-1<br><br>**ORDER REGARDING UPCOMING CRIMINAL PROCEEDINGS AND REQUIRING JOINT REPORT** |

In light of the continuing public health emergency caused by the novel coronavirus disease (COVID-19), criminal proceedings have been conducted by telephone or by videoconference pursuant to the CARES Act. The Court has been holding limited in-court proceedings for specified proceedings: change of plea, sentencing, admission/disposition of Form 12s, and evidentiary hearings. The need to follow social distancing protocols will continue to limit the number of in-custody defendants that may be produced in court and the number of cases and people that can be accommodated in courtrooms. Accordingly, some changes of plea, sentencings, admissions/dispositions of Form 12s and evidentiary hearings may still need to be conducted by telephone or videoconference.

Additionally, because there is greater need for the telephone conference capabilities than there are resources available, the Court will not hold status or trial (and motions) setting conferences over the telephone. Instead, the Court will decide those matters on the papers, or if defendant waives personal appearance, the Court will hold a telephone conference at a date and time mutually agreeable to counsel for both sides.

To assist the Court in scheduling an appropriate proceeding, the Court requests the parties file a **joint** status report to provide the information set forth below. Defense counsel shall confer

with the defendant prior to submitting this **joint** status report.  **If the parties intend to request a continuance, they shall clearly state that in the caption of the report and shall submit a proposed order for the Court's consideration**.

  **A.**  **Permissible In-Court Proceedings**:

  1.  ___Guilty plea

  2.  ___Sentencing

  3.  ___Form 12 Admission

  4.  ___Form 12 Disposition

  5.  ___Evidentiary Hearing (for a motion to suppress, supervised release violation hearing, or other hearing requiring witness testimony)

  If a guilty plea, is in-custody defendant willing to waive disclosure of the PSR before plea is entered so that plea may be taken at time sentence will be imposed?   Yes ___ No___

  If yes, stipulated date for plea/sentencing. _____

  If a Form 12 admission, will defendant be ready to be sentenced at the same time? Yes___ No___

  If no, is there any reason why the admission should not be continued to a time when the defendant is ready to be sentenced?  No___ Yes ___ (please explain)

  For any of the proceedings numbered 1–4, will the defendant waive his/her right to be present in the courtroom and proceed via telephone conference?  Yes___  No___

  For any of the proceedings numbered 1–4, does the defendant wish to appear personally in court even if a further continuance of the proceeding may be required?  Yes___   No___

  **B.**  **Other Proceedings**:

  1.  ___Status Conference

  2.  ___Trial or Motions Setting Conference

  3.  ___ Other (please specify            )

  For matters other than change of plea, sentencing, Form 12 admission/disposition, or evidentiary hearing, the Court expects that most issues can be resolved by stipulation of the parties, or by administrative motion which can be decided on the papers, and expects to proceed in

that fashion, for in-custody defendants. However, for in-custody defendants who wish to waive their appearance, and for out-of-custody defendants, the Court will conduct a telephonic status or setting conference.

Is a telephonic status conference desired? Yes ___ No___

Will any in-custody defendant waive appearance? Yes ___ No___

Please file a **joint** report with the responses to these questions by September 30, 2022.

IT IS SO ORDERED.

Dated: September 26, 2022

_____
JEFFREY S. WHITE
United States District Judge